(No. 2713— ▮▮▮▮▮▮)

CHESTER E. COULTAS, ADMINISTRATOR OF THE ESTATE OF LUCILLE MILDRED COULTAS, DECEASED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1941.*

A. M. FITZGERALD, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Claimant alleges that his intestate, on the 11th day of August, 1934, was in an automobile driven by another, over U. S. Route No. 36, which road had been built and maintained by the State of Illinois; that about 11:30 p. m., approximately three hundred yards west of the point known as the "Wilson Corner," the car in which the deceased was riding struck a large limb of a tree which had been blown across the highway by a storm which occurred a couple of hours before claimant's intestate approached in the automobile, and was not seen by the driver of the automobile until the automobile was practically at the place where the limb of the tree had fallen upon the highway.

The usual averments of due care and caution for her own safety are contained in the complaint.

Plaintiff's intestate, Lucille Mildred Coultas, died as the result of her injuries.

The complaint charges that the State had employed a watchman or a maintenance man located at Winchester, Illinois, whose duty it was to inspect and patrol the highways and to see that they remain in a safe condition.

Damages in the sum of $10,000.00 are claimed.

The Attorney General has made a motion to dismiss this claim on the ground that the State is not liable for the carelessness and negligence of its servants and agents.

Both this court and the Supreme Court of Illinois and other courts have held that in the construction and maintenance of its roads, the State acts in a governmental capacity and in the exercise of such governmental functions it does not become liable in actions of tort by reason of the malfeasance, misfeasance or negligence of its officers or agents in the absence of a statute creating such liability.

*Morrissey* vs. *State*, 2 C. C. R. 454;

*Minear* vs. *State Board of Agriculture*, 259 Ill. 549.

Many times, since the adoption of the opinion in the *Morrissey* case, this court has followed the doctrines therein announced. Therefore, the motion to dismiss will be sustained and cause dismissed.